[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Mani Enterprises, Inc., filed a motion for judgment in accordance with General Statutes, 52-593 and for substitution of a party defendant. The motion was based upon the defendant's discovery that the plaintiff had named as a codefendant, Vista Trading Corporation, a duly authorized New Jersey corporation, when the party that should have been served was Vista Trading Corporation, Jay Associates d/b/a Vista Trading Corporation. The correctly designated parties, although denominated a corporation, apparently consisted of a partnership which held itself out as a corporation without filing for incorporation pursuant to New Jersey law.
The court granted the motion and Mani Enterprises, Inc. was permitted to serve a complaint upon the properly identified party, Vista Trading Corporation, thereby becoming a cross-claim plaintiff in this action as to the cross-claim defendant, Vista Trading Corporation. Whereupon, the cross-claim defendant moved to dismiss the complaint for lack of jurisdiction. Service of the cross complaint was made pursuant to the provisions of General Statutes, 33-411(c)(3), commonly referred to as the long arm statute.
The undisputed facts are that the plaintiff in this matter was an invitee on premises operated by the defendant, Mani Enterprises, Inc. and, while seated in a chair, was suddenly caused to fall and injure herself when the chair collapsed and she was thrown to the floor. One of the named defendants, Patel, had purchased the chair, along with other furnishings, while shopping at the premises operated by the cross-claim defendant in CT Page 9027 New Jersey. When the furnishings were ready for delivery, Patel declined to have them shipped to Connecticut by Vista Trading Corporation, preferring instead to return to New Jersey and bring his purchase back to the state.
There was no presence in Connecticut, directly or indirectly, by the cross-claim defendant prior to Patel's purchase.
General Statutes, 33-411, provides in part:
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (3) out of production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; . . .
The challenge to in personam jurisdiction by a foreign corporation or partnership or a nonresident individual first requires a factual analysis and the cross-claim plaintiff bears the burden of proof in establishing facts necessary to maintain personal jurisdiction. See, Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250 (1983); Frazer v. McGowan,198 Conn. 243, 246 (1986). When a determination has been made as to whether the statute authorizes the exercise of jurisdiction on the basis of the facts presented, then the court must determine whether an assertion of jurisdiction would violate due process. CT Page 9028
The concept of fundamental fairness and substantial justice which underlies any analysis of due process is met, generally, when a foreign defendant is viewed as having crossed the threshold of "minimum contacts" with the forum state to such an extent that standards of "foreseeability" and "fairness" are maintained. See, United States Trust Co. v. Bohart, 197 Conn. 34,39 (1985). Bohart held that "`[T]hat foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'", supra at 41, quoting World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
In the instant case, the facts compel the court to find that it lacks jurisdiction. Patel's conduct in purchasing his furnishings cannot, under a due process analysis, be imputed to Vista Trading Corporation. A contrary finding would violate our notions of fundamental fairness and justice. Accordingly, the motion to dismiss is granted.
BY THE COURT: LEANDER C. GRAY, JUDGE